UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DAVID B. SONGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16CV7 HEA |
| ) | |
| ) | |
| NANCY A. BERRYHILL[1], ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Title II, 42 U.S.C. §§ 401 et seq. and for denial of his application for supplemental security income (SSI) benefits under Title XVI, 42 U.S.C. §§ 1381 et seq. of the Social Security Act (Act), 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

On August 21, 2014, Administrative Law Judge Carol L. Boorady conducted a hearing. Plaintiff appeared in person and the Vocational Expert, Stephen Kuhn, appeared as well.

Plaintiff resided in a single family house located in Kirksville, Missouri. Plaintiff is married and resides with his wife. He has 4 children aged 12, 17, 21, and 27. Plaintiff was born on September 10, 1964. He was 49 years old at the time of the hearing. Plaintiff completed high school.

Plaintiff has prior work experience with a company named Ortech. He worked for them for about 22 years. He also worked for a company called Contico for about one year.

On further examination by his attorney the Plaintiff testified, that he is being treated for depression, anxiety, and being treated with a mood stabilizer. He has been diagnosed with bipolar disorder and has hypomanic episodes. Plaintiff testified that when he has hypomanic episodes they can last for up to four or five days. He testified he has running thoughts and his brain won't shut down. He can't sleep and has urges to spend money. .

There was testimony from Mr. Kuhn, the Vocational Expert. Mr. Kuhn testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. The Vocational Expert concluded Plaintiff could not perform his relevant past work. Based upon all of those considerations

and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded that if the hypothetical person was missing four days per month they would not be able to maintain work. That is something not supported by the Dictionary of Occupational Titles, but based upon the education, training, and work experience of the Vocational Expert. Likewise if the person was off task by 25 percent or more of the day the person would not be able to maintain work. Without missing days of work as a factor there were jobs at the medium work level available for Plaintiff as a cleaner, hand packer, assembler, hand packer at the light work level, and cleaner at the light work level. These were consistent with and in consideration of the Dictionary of Occupational Titles.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on January 27, 2016. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issue in this case is whether the ALJ properly applied Listing 12.04 to the evidence of record, whether the ALJ properly considered the credibility of

Plaintiff, and whether the ALJ properly weighed all medical evidence in the determination of the RFC of Plaintiff.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the

ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next

step. *Id...* At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and

medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245

F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the application date of May 2, 2013. The ALJ found at Step Two that Plaintiff had the severe impairments of bipolar disorder.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels but with some non-exertional limitations: Plaintiff can have minimal, less than occasional contact with coworkers and supervisors and no contact with the general public.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*,

564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and

conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**I. Did the ALJ Properly Review and Apply the Evidence to Listing 12.04?**

Plaintiff asserts the ALJ did not properly evaluate whether Plaintiff has a listed impairment that meets or equaled Listing 12.04. This listing applies to affective disorders. One must either meet the requirements of paragraphs A and paragraph B or meet the requirements of Paragraph C of Listing 12.04. 20 C. F. R. pt 404, subt. P App.1 § 12.04. The record clearly demonstrates Plaintiff meets paragraph A. The ALJ concluded he did not meet paragraph B.

This Listing requires Plaintiff to demonstrate he has marked limitations in two of three functional categories: activities of daily living; social functioning; and concentration, persistence, or pace. *See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04; 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). A claimant may also meet the paragraph B criteria by showing marked limitations in one of the above categories, plus evidence of repeated episodes of decompensation, each of extended duration. 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04.

A review of the record demonstrates the ALJ first determined, and appropriately so, that Plaintiff was only mildly limited with respect to activities of daily living. This finding was based on Plaintiff's Function Report, where he stated

he handled his own personal needs and hygiene, without special reminders; prepared meals each day; did household chores and yard work; could drive a car and do shopping; and could count change, though he had difficulty managing money.

The ALJ found that Plaintiff had only moderate difficulties in social functioning. The Plaintiff testified that he lived with his wife and four children, and that he did the best he could to get along with them. The ALJ considered Plaintiff's statements that he is easily agitated and that being around other people can increase his anxiety. In consideration of these things, and on Plaintiff's ability to live with others and go out in public, the ALJ found Plaintiff was only moderately limited in social functioning.

The ALJ found that Plaintiff had only mild difficulty maintaining concentration, persistence, or pace (Tr. 30-31). Plaintiff reported difficulties with issues related to memory, attentiveness, changes in routine, and the ability to follow written instructions, but he also indicated that he watched television and did yard work—each of which require a degree of concentration and persistence—and that he could follow spoken instructions. In light of this, the ALJ found Plaintiff was only mildly limited in this category (Tr. 30-31).

Lastly, the ALJ concluded, that Plaintiff had never suffered any extended episodes of decompensation (Tr. 31). The ALJ considered that Plaintiff had been

- 12 -

hospitalized for a period of two weeks in May 2013, but was released in stable condition. This in turn reasonably supported the ALJ's conclusion.

There is substantial evidence to support the conclusion of the ALJ regarding the application of Listing 12.04. It is academic that "[t]he listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan*, 493 U.S. at 532; 20 C.F.R §§ 404.1525(a), 416.925(a). The listings are especially stringent. "'Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively. '*Johnson v. Astrue*, 816 F. Supp. 2d 752, 774 (W.D. Mo. 2011) (quoting *Caviness v. Apfel*, 4 F.Supp. 2d 813, 818 (S.D. Ind. 1998)).

**2. Did the ALJ Properly Evaluate the Credibility of Plaintiff?**

Plaintiff contends that the ALJ's credibility finding was "patently erroneous." But an ALJ must give reasons if, as in this case, she does not fully credit the claimant's testimony. *See, Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. §§ 404.1529, 416.929 (discussing the process for evaluating symptoms). Here, there was an absence of objective medical evidence to support Plaintiff's claims; Plaintiff's failure to comply with suggested treatment, both before and after his alleged onset date; evidence that Plaintiff's condition has improved with treatment; and his activities of daily living. There is substantial

evidence supportive of the decision to discount Plaintiff's subjective complaints, and the ALJ provided good reasons for doing so. *See Turpin v. Colvin*, 750 F.3d 989, 993-94 (8th Cir. 2014); *McDade v. Colvin*, 720 F.3d 994, 998 (8th Cir. 2013).

      Although an ALJ may not reject a claimant's subjective complaints solely for lack of objective medical evidence, he may consider the absence of objective medical evidence supporting the degree of severity alleged. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006); *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (agency will consider "objective medical evidence"). In June 2013, the same month he filed for disability benefits, Plaintiff was fully oriented; displayed logical thought process; had good appetite, motivation, concentration, and energy; and showed no indications of panic/anxiety, obsessions, mood swings, or other disturbances, such that his provider found he was "doing well . . . in general" (Tr. 33-35, 330, 332). The record demonstrates mental status examinations repeatedly led to similar results throughout the relevant period (Tr. 33-35, 439, 449, 454, 458, 463, 475-76, 481-82, 487, 504-10, 519-20, 522, 526, 534-35, 537-38, 541). The ALJ may disbelieve claimant's subjective reports because of "inherent inconsistencies" in the record. *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004).

Plaintiff's minimal treatment history also undercut his credibility regarding his allegations. *See, e.g., Wright*, 789 F.3d at 854; *Turpin*, 750 F.3d at 993; *Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (upholding an ALJ's determination a claimant lacked credibility due in part to "absence of hospitalizations . . . , limited treatment of symptoms [and] failure to diligently seek medical care"). The record shows that when Plaintiff followed treatment suggestions, his symptoms improved (Tr. 33-34). "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010); 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (the agency will consider the claimant's treatment and medication when evaluating her symptoms). This point is denied as it is supported entirely by the record and substantial evidence.

### 3. Did the ALJ Properly Determine the Residual Functional Capacity of Plaintiff?

Plaintiff asserts the ALJ improperly weighed the medical opinions of Plaintiff's treating psychiatrist, and failed to properly consider the side effects of Plaintiff's medication. However, careful review of the record dictates otherwise and supports the ruling of the ALJ.

It is well settled that a claimant's RFC is the most he can do despite the combined effects of his credible limitations. *See* 20 C.F.R. §§ 404.1545, 416.945.

It is the claimant's burden to prove his RFC, and the ALJ must determine RFC based on all relevant evidence in the record. *See Andrews*, 791 F.3d at 928; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" (citations omitted)). The determination of a claimant's RFC at the administrative hearing level is the responsibility of an ALJ alone, and is distinct from a medical source's opinion. *Kamann*, 721 F.3d at 950.

The ALJ gave significant weight to the opinion of Michael Stacy, Ph.D., a State agency psychologist who reviewed Plaintiff's file and submitted an opinion on July 1, 2013 (Tr. 35, 87-104). The ALJ's determination that Plaintiff failed to meet the criteria of Listing 12.04 was supported by Dr. Stacy's opinion that Plaintiff was mildly restricted in his daily activities and concentration, persistence, or pace; was moderately limited in social functioning; and had not experienced any extended episodes of decompensation (Tr. 35, 90, 99). The ALJ explained that Dr. Stacy was an expert in SSA disability regulations, that he reviewed a significant amount of Plaintiff's medical records in forming his opinion, and that his resulting opinion was generally consistent with the record as a whole. But the ALJ did not adopt the opinion that Plaintiff could interact acceptably with others in a work setting. Rather, she based the opinion on credible evidence throughout the

record. As a result, the ALJ limited Plaintiff to work involving only minimal contact with coworkers and supervisors, and no contact with the general public. It is well established that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)).

**4. Did the ALJ Err in Concluding the Plaintiff Could Perform Work in the National Economy?**

Here the burden shifted to the commissioner and the ALJ met the burden as reflected by the record. The ALJ put questions to a Vocational Expert and in doing so needed only to include those impairments that she found to be credible and supported by the record. *See Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014); *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

The expert testified that a claimant with Plaintiff's experience and limitations could perform unskilled jobs that exist in significant numbers in the national economy, including cleaner and hand packer at the medium or light level, and assembler at the light level (Tr. 37, 78-80). Because Plaintiff's limitations would not prevent him from performing these jobs, the ALJ found he was not disabled.

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE